IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LORAYNE RIVERA,           ) | |
|                 ) | |
|         **Plaintiff,**     ) | |
|                 ) | |
| **v.**                 ) | **Case No. 11-cv-02067-JAR-JPO** |
|                 ) | |
| **RILEY COUNTY LAW BOARD,**    ) | |
| **RILEY COUNTY POLICE**       ) | |
| **DEPARTMENT**,           ) | |
|                 ) | |
|         **Defendants.**    ) | |

## MEMORANDUM AND ORDER

This case comes before the Court on defendants' Motion to Dismiss or Alternatively Motion to Quash Service of Process (Doc. 3), defendants' Motion to Dismiss or Alternatively Motion to Quash Service of Process (Doc. 9), plaintiff's Motion to File Response and Objection to Defendant's Motion Out of Time (Doc. 12), and plaintiff's Motion for Extension of Time to Supplement Service of Process Pursuant to FRCP 4(m) (Doc. 18).  The motions are fully briefed, and the Court is prepared to rule.  As explained more fully below, the Court grants in part and denies in part defendants' motions to dismiss, finds plaintiff's Motion to File Response moot, and grants plaintiff's Motion for Extension of Time.

**I.      Background**

On February 4, 2011, plaintiff filed suit against defendants under Title VII of the Civil Rights Act of 1964 for unlawful discrimination, harassment, and retaliatory practices.  Plaintiff attached to her Complaint the Notice of Right to Sue mailed by the Department of Justice on November 9, 2010, which stated she had 90 days after receiving the letter to file a civil action.

On May 5, 2011, summons was issued for Riley County Law Board.   On May 9, 2011, plaintiff served a copy of the Complaint and summons on Lauren Palmer.  Lauren Palmer is employed at the City of Manhattan as the Assistant City Manager, but she is not a member of the Riley County Law Board.

On May 31, 2011, defendants filed a motion to dismiss for insufficient service of process under Federal Rule of Procedure 12(b)(5).  Defendants argued that the service of process was insufficient for both Riley County Law Board and Riley County Police Department.  Defendants sought an order dismissing the suit against both defendants or, in the alternative, quashing the attempted service of process on Ms. Palmer.  Further, defendants argued that the Riley County Police Department is a subordinate government agency not amenable to suit and that the Court should thus dismiss it from the case.  Plaintiff did not file her response to the motion to dismiss (Doc. 8) until June 30, 2011.

In the meantime, on June 14, 2011, plaintiff served three additional individuals—the Director of the Riley County Police Department, Brad Schoen; the County Clerk for Riley County, Rich Vargo; and the City Clerk for the City of Manhattan, Gary Fees.  None of these individuals are members of the Riley County Law Board.

On July 5, 2011, defendants filed a second motion to dismiss for insufficient service of process (Doc. 9) seeking dismissal or, in the alternative, an order quashing the attempted service on Ms. Palmer, Mr. Schoen, Mr. Vargo, and Mr. Fees.  Defendants also incorporated by reference the argument from their first motion to dismiss (Doc. 3) that alleged Riley County Police Department was not amenable to suit.  On July 14, 2011, defendants also filed a reply to plaintiff's June 30, 2011 response to their first motion to dismiss.  Defendants argued in part that

plaintiff filed the motion out of time and as such the Court should consider the first motion to dismiss (Doc. 3) as uncontested.  Next, plaintiff filed a motion requesting permission to file the June 30, 2011 response out of time.  Plaintiff, however, made no mention of nor sought an extension of time to respond to defendants' second motion to dismiss.  Further, plaintiff did not file a response to defendants' second motion to dismiss until August 8, 2011.  Defendants replied on August 18, 2011, again arguing in part that the Court should not consider plaintiff's multiple late filings and that the Court should treat defendants' motions as uncontested.

On August 25, 2011, plaintiff filed a motion to extend the time for service of process to allow her to serve the Secretary of the Riley County Law Board, Barry Wilkerson, and Chairman of the Riley County Law Board, Karen McCulloh.  Defendants oppose this motion by arguing that the extension of time will prejudice them, and defendants ask the Court to grant them attorneys' fees if the Court extends the time for service.

## II.    Discussion

### A.    Motion to Dismiss Riley County Police Department as a Party Not Amenable to Suit

Defendants first move to dismiss the claim against the Riley County Police Department because it is an agency not amenable to suit.  Defendant Riley County Police Department argues that, as a subordinate government agency, it does not have the capacity to be sued.  The Court agrees.  "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[1]  While the statutory authority need not explicitly authorize the capacity to sue or be sued; the statute should grant

_____

[1]*Lowery v. County of Riley*, No. 04-3101-JTM, 2005 WL 1242376, *7 (D. Kan. May 25, 2005) (citing *Hopkins v. Kansas*, 702 P.2d 311 (Kan. 1985)).

3

some power to the agency so that it has an implied capacity.[2]  "For example, conferring power

on a subordinate government agency to own or control property would have no meaning if the

agency could not vindicate its rights in the property by suing in a court of law."[3]  The Riley

County Police Department has no explicit statutory authority nor any statutory power that would

imply capacity to sue or be sued.[4]  All of its power lies in its director and not with the department

itself; so the director, and not the Riley County Police Department, is amenable to suit.[5]  Thus,

the Court must dismiss the claim against Riley County Police Department.[6]

### B.      Motion to Dismiss for Insufficient Service of Process or Alternatively to Quash Service of Process

### 1.      Insufficient Service of Process

Defendants next move to dismiss for insufficient service of process on the Riley County

Law Board.[7]  Defendants also argue that the Court should treat their motions as uncontested

because plaintiff did not respond within the required time period for either motion to dismiss.

While the Court notes the multiple late responses filed by plaintiff and urges plaintiff to become

---

[2]*Id.* (citing *Hopkins*, 702 P.2d 311; *Bd. of Library Dirs. v. City of Fort Scott*, 7 P.2d 533 (Kan. 1932)).

[3]*Id.* (citing *Bd. of Library Dirs.*, 7 P.2d 533).

[4]*Id.* (citing Kan. Stat. Ann. § 19-4424 to -4440).

[5]*Id.*

[6]The Court is uncertain whether plaintiff intended to nametwo defendants in this case or just one.  In each filing before this Court, plaintiff has included both Riley County Law Board and Riley County Police Department. Plaintiff, however, always lists these two entities together in the caption as "defendant" although she sometimes refers to "defendants" within the filings.  Possibly, plaintiff only meant to name Riley County Law Board in this suit but included Riley County Police Department as an alternative name.  Either way, Riley County Police Department is the incorrect party.  But by dismissing Riley County Police Department, the Court does not dismiss Riley County Law Board.

[7]Defendants move to dismiss both Riley County Law Board and Riley County Police Department for insufficient service of process.  Because the Court already dismissed Riley County Police Department as not amenable to suit, the Court only focuses on the sufficiency of service on Riley County Law Board.

4

familiar and comply with procedural deadlines, the Court need not address defendants' argument against plaintiff's motion to file out of time because the Court's decision is unaffected by plaintiff's untimely responses.  Even considering plaintiff's arguments, the Court finds service of process insufficient.[8]

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  Once a defendant challenges service of process in a motion to dismiss under 12(b)(5), the burden falls on the plaintiff to show she has satisfied the statutory and due process requirements with service of process.[9]  If service of process is insufficient, the court does not have personal jurisdiction over the defendant.[10]

Rule 4(j)(2) governs the procedures for proper service of process on a state or local government.[11]  The rule provides that a plaintiff may serve a state or local government by "delivering a copy of the summons and of the complaint to its chief executive officer" or by "serving a copy of each in the manner prescribed by that state's law for serving a summons of like process on such a defendant."[12]  Under Kansas law, a plaintiff may serve a "public corporation, body politic, district or authority, by serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof."[13]  The Riley County Law Board

---

[8]As a result, the Court finds moot plaintiff's Motion for Permission to File Response and Objection to Defendant's Motion Out of Time.

[9]*Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011).

[10]*Id.*

[11]Fed. R. Civ. P. 4(j)(2).

[12]*Id.*

[13]Kan. Stat. Ann. § 60-304(d).

falls under this section of the statute as a government agency.[14]  It has seven members, and the members elect a chairman, vice-chairman, and secretary.[15]  Thus, to properly serve the Riley County Law Board under Rule 4(j)(2) and K.S.A. § 60-304(d), a plaintiff must serve the secretary of the Law Board, or if the plaintiff cannot find the secretary, the plaintiff should serve the chairman, vice-chairman, or at least one of the other members of the board.

Here, plaintiff served four individuals by personal service—Brad Schoen, Rick Vargo, Gary Fees, and Lauren Palmer.  None of these individuals are the secretary or even members of the Riley County Law Board.  Still, plaintiff argues that Mr. Schoen should be considered an officer of the Riley County Law Board because it hired him as director of the Riley County Police Department.  But while the Riley County Law Board hired Mr. Schoen, it gave him no responsibilities over its own operations, only responsibilities over the Riley County Police Department.  Thus, he is not an "officer, director or manager" of the Riley County Law Board.  As a result, plaintiff has not served any of the individuals designated under Rule 4(j)(2) or K.S.A. § 60-304(d).

Further, plaintiff's service of process on these four individuals did not substantially comply with the requirements under section 60-304(d).  "When the statute designates a particular recipient for process, courts must enforce that statutory procedure."[16]  Allowing plaintiff to serve someone other than those individuals listed in section 60-304(d) would violate the clear language

---

[14]*See id.*

[15]Kan. Stat. Ann. §§ 19-4427 to -4428.

[16]*Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011) (citing *Oltremari v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

of the statute and would not substantially comply with the statutory requirements.[17]  Therefore, the Court finds service of process insufficient to satisfy the statutory and due process requirements.

### 2.    Extension of Time to Serve

Although service of process was insufficient, the Court need not dismiss the case against Riley County Law Board.  When a court finds service of process insufficient but curable, it should generally quash the service and give the plaintiff an opportunity to re-serve the defendant.[18]  Here, the insufficient service is curable.  Plaintiff has identified the correct individual for service of process and, under Rule 4(m), seeks an extension of time to serve this individual.[19]

Rule 4(m) provides that the plaintiff must serve the defendant with summons and the complaint within 120 days after the complaint is filed.[20]  When the plaintiff shows good cause for the failure to properly serve the defendant within the specified time, however, the plaintiff is entitled to a mandatory extension of time.[21]  If the plaintiff does not show good cause, the court must consider whether a permissive extension of time is appropriate and then, in its discretion,

---

[17]*See Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 325 (Kan. 2006).

[18]*Rader*, 2011 WL 2144834, at *2.

[19]Defendants argue that the Court should deny the plaintiff's motion because plaintiff did not confer with defendant before filing the motion as required under District of Kansas Local Rule 6.1.  While the Court agrees that the parties need to become familiar and comply with the Local Rules, the Court proceeds under Federal Rule of Procedure 4(m), which does not require parties to confer before the court grants relief.

[20]Fed. R. Civ. P. 4(m).

[21]*Id.*

can either dismiss the action or order the plaintiff to complete service within a specified time.[22]

Here, plaintiff has not shown good cause.  Plaintiff's only excuse for failure to timely serve defendants is that she believes her service of process is sufficient and that defendant has not otherwise designated an officer who should be served.  The Court is mindful of plaintiff's claim that she attempted to contact Riley County Law Board and that it would not disclose the individual with the authority to accept service of process.  But by examining Rule 4(j) and K.S.A. § 60-304, plaintiff could have discovered the proper individual to serve without information from defendants.  Thus, failure of service is not caused by defendants' actions but by plaintiff's confusion over Rule 4(j) and K.S.A. § 60-304.  And mistake of counsel and ignorance of the rules is insufficient to show good cause.[23]  Thus, plaintiff has not shown good cause entitling her to a mandatory extension of time under Rule 4(m).

Nevertheless, the Court finds a permissive extension of time under Rule 4(m) appropriate.  When determining whether to offer a permissive extension, courts look at several factors, including whether the defendant had notice of the lawsuit, whether delay has prejudiced the defendant, and whether the statute of limitations might bar any refiled action.[24]  "An extension of the service period is particularly appropriate where the delay has not prejudiced the defendant and the statute of limitation might bar any refiled action."[25]

---

[22]*Id.*; *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[23]*In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).

[24]*Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273 (D. Kan. 2011) (citing *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273–74 (D. Kan. 2004); *Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, at *3 (D. Kan. Nov. 16, 2010)).

[25]*Rader v. U.S.D. 259 Wichita Pub. Schs.*, No. 10-4118-KHV, 2011 WL 2144834, at *1 (D. Kan. May 31, 2011) (citing *Mehus v. Emporia State Univ.*, 295 F. Supp. 2d 1258, 1273–74 (D. Kan. 2004)).

Here, the factors weigh in favor of permissive extension of time.  First, plaintiff would be barred from re-filing the lawsuit.  A plaintiff must file a civil action within 90 days after receiving Title VII notice of the right to sue.[26]  While plaintiff instituted this lawsuit within 90 days of receiving her notice of the right to sue, that time has long since passed.  Thus, if the Court dismissed this suit, plaintiff would be time-barred from re-filing the claim.

Second, defendants had notice of the lawsuit within the time period for service of process and delay would not prejudice them.  Although service was insufficient for statutory purposes, the insufficient service gave defendants actual knowledge of the plaintiff's claims.  And while time for service ended in June 2011, not so much time has passed as to prejudice defendants' ability to defend their lawsuit.[27]  Defendants argue that they have been prejudiced by having to respond to the multiple attempts at service and the late responses to their motions, but defendants only point to prejudice incident to defending a lawsuit—time, expense, and so on— and not to a decreased ability to defend the lawsuit based on the passage of time, such as stale or unavailable evidence.  Thus, extension of time does not prejudice defendant.

Therefore, all factors weigh in favor of granting a permissive extension of time under Rule 4(m).  Accordingly, the Court orders plaintiff to complete service of process on defendant Riley County Law Board by October 24, 2011.

### 3.     Attorneys' Fees

The Court further finds that an award of attorney fees is inappropriate under these

---

[26]42 U.S.C. § 2000e-5(f)(1).

[27]*See Searles*, 2010 WL 4861123, *3 (noting that three years had passed after the Rule 4(m) time period ended and that this delay raised concerns over stale evidence, inability to locate witnesses, and witnesses' loss of recollection).

circumstances.  In opposing plaintiff's motion for extension of time, defendants seek an award of attorneys' fees to compensate them for preparation of their "Motions to Dismiss and all of the related pleadings."  Defendants, however, do not offer any legal authority or factual argument to support their award of attorneys' fees.

The Court presumes defendants' request is premised on an award of fees and expenses against plaintiff under 28 U.S.C. § 1927.[28]  Under that provision, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonable incurred because of such conduct."  A court may award attorneys' fees under § 1927 when it finds that an attorney acted "recklessly or with indifference to the law."[29]  Here, while plaintiff filed multiple late responses to defendants' motions to dismiss and has yet to properly serve defendants after several attempts, the record shows no indication of bad faith on the part of plaintiff's counsel or that the plaintiff's counsel acted vexatiously or in reckless indifference to the law.  Thus, the Court will not award attorneys fees at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss or Alternatively Motion to Quash Service of Process (Doc. 3) is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** defendants' motion to dismiss the Riley County Police Department as not amenable to suit and **GRANTS** defendants' motion to quash service of process served on Ms. Palmer.  The Court **DENIES** defendants' motion to dismiss for

---

[28]*See Lowery v. Cnty. of Riley*, 738 F. Supp. 2d 1159, 1169–70 (D. Kan. 2010) (citing *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197 (10th Cir. 2008)); *Guarneros v. Duetshe Bank Trust Co. Am.*, No. 08-cv-01094-PAB-KLM, 2009 WL 1965491 (D. Colo. July 7, 2009).

[29]*Dominion Video Satellite, Inc. v. Echostar Satellite, LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005).

insufficient service of process.

**IT IS FURTHER ORDERED BY THE COURT** that defendant's Motion to Dismiss or Alternatively Motion to Quash Service of Process (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS** the motion to quash service of process served on Mr. Schoen, Mr. Vargo, and Mr. Fees and **DENIES** the motion to dismiss for insufficient service of process.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion for Permission to File Response and Objection to Defendant's Motion Out of Time (Doc. 12) is **MOOT**.

**IT IS FURTHER ORDERED BY THE COURT** that Motion for Extension of Time to Supplement Service of Process Pursuant to FRCP 4(m) (Doc. 18) is **GRANTED**.

**AND IT IS ORDERED BY THE COURT** that plaintiff shall effect service of process on defendant Riley County Law Board **by October 24, 2011.**

**IT IS SO ORDERED**.

Dated: October 4, 2011

     S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE